1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWIN NORBERTO RODRIGUEZ,

Plaintiff,

v.

CRISTINA CORPUS, et al.,

Defendants.

Case No. 25-cv-03008-WHO (PR)

**ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND**

**INTRODUCTION**

Plaintiff Edwin Norberto Rodriguez alleges unrelated claims against different defendants at the San Mateo County Sheriff's Office. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

Rodriguez raises a number of unrelated claims against multiple defendants. Because this falls afoul of federal pleading rules, the complaint is DISMISSED with leave to file an amended complaint on or before **August 18, 2025**. Failure to file a proper amended complaint by August 18, 2025, may result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

I will rule on Rodriguez's motion for the appointment of counsel after I have reviewed his amended complaint.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Rodriguez alleges many unrelated claims: the use of excessive force, denial of adequate medical care, denial of adequate mental health care, denial of meals, and the issuance of a false disciplinary report. The events giving rise to these claims happened on different days and were committed by different persons, many of them unnamed in the complaint.

1    Rodriguez may not bring unrelated claims in one suit.  Federal pleading rules

2    require that claims be based on "the same transaction, occurrence, or series of transactions

3    or occurrences" and pose a "question of law or fact common to all defendants."  Fed. R.

4    Civ. P. 20(a)(2).  In his amended complaint, he must decide which claim he wishes to

5    pursue.  He may then allege facts that give rise to that claim and any other claim that is

6    closely related to the facts involved, as required by Rule 20(a)(2).  Also, he must provide

7    the names of the persons involved.

8    Rodriguez should also be aware that naming the sheriff Cristine Corpus as a

9    defendant based on the fact of her being sheriff is insufficient.  There is no respondeat

10    superior liability under § 1983.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  It is

11    not enough that the supervisor merely has a supervisory relationship over the defendants;

12    the plaintiff must show that the supervisor "participated in or directed the violations, or

13    knew of the violations and failed to act to prevent them."  *Id.*  Defendants cannot be held

14    liable for a constitutional violation under 42 U.S.C. § 1983 unless they were integral

15    participants in the unlawful conduct.  *Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018).

16    Furthermore, supervisory defendants are entitled to qualified immunity where the

17    allegations against them are simply "bald" or "conclusory" because such allegations do not

18    "plausibly" establish the supervisors' personal involvement in their subordinates'

19    constitutional wrong.  *Iqbal*, 556 U.S. at 675-83.

20    Accordingly, the complaint will be dismissed with leave to amend.  Because it is

21    unclear which claims, if any, will proceed, I will rule on Rodriguez's motion for the

22    appointment of counsel when I review the amended complaint.

23    **CONCLUSION**

24    The complaint is DISMISSED with leave to file an amended complaint on or before

25    **August 18, 2025**.  The amended complaint must include the caption and civil case number

26    used in this order (25-03008 WHO (PR)) and the words FIRST AMENDED

27    COMPLAINT must be written on the first page.  The amended complaint must also appear

28    on this Court's form, a copy of which will be sent to him.  Because an amended complaint

completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the prior complaint by reference.  <u>Failure to file a proper amended complaint by August 18, 2025 may result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.</u>

  **IT IS SO ORDERED.**

**Dated:**  July 8, 2025



WILLIAM H. ORRICK
United States District Judge